LORENZO DÁVILA, Plaintiff and Appellant, v. ANTONIO SOTO-MAYOR and GERÓNIMA PIZARRO, Defendants.—PIZARRO, Appellee.

No. 4182.   Argued March 10, 1927.—Decided May 18, 1927.

*Arjona & Arjona* for the appellant.   *V. Zayas Pizarro* for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

The present appeal arises from the execution of the final judgment rendered in this case by virtue of the appeal previously taken from a judgment rendered in the case by the same district court.

The judgment reads in its pertinent part as follows:

". . . . for the reasons set forth in the foregoing opinion the judgment appealed from is modified sustaining the complaint in ejectment, but the plaintiff must acknowledge to the defendant the homestead right claimed by her regarding the property in question

and, thus modified, affirmed. If the parties do not agree on the selection of the homestead right they must apply to the district court which shall proceed to take the necessary steps to make a just and equitable settlement in the premises.''

In compliance therewith the parties submitted to the court the following agreement:

''Pursuant to the judgment rendered by the Supreme Court of Porto Rico granting to the defendant the homestead right, the plaintiff has appointed Fidel Salichs and the defendant has appointed Antonio Correa, as experts, to value the house and add thereto a piece of land making up the amount of the homestead, namely, $500, and after such valuation, which the parties bind themselves to abide by and accept, is made by the experts, the plaintiff and the defendant will execute a deed by which the plaintiff shall convey to the defendant the house and the parcel of land thus assessed at $500 as the homestead right. In witness whereof we affix our signatures. Ponce, P. R. (Signed) Vicente Zayas Pizarro, attorney for the defendant Gerónima Pizarro. (Signed) Arjona & Arjona, per R. Arjona Siaca, attorney for the plaintiff.''

The above agreement was indorsed in the following order:

''As requested, we approve the above agreement submitted by the parties. Ponce, P. R., October 13, 1926. (Signed) Angel Acosta, District Judge.''

The report of the experts appears further on in the record thus:

''Fidel Salichs, of age, property owner and a resident of Juana Díaz, and Antonio Correa, of age, property owner and a resident of Juana Díaz, appear in their capacity of experts appointed respectively by Lorenzo Dávila and Gerónima Pizarro, and state: 1. That pursuant to their appointment of which they had been notified on the 4th of October, 1926, they made a report where Salichs valued the seven acres at $350 and the house where Gerónima Pizarro lives at $150, making a total of $500, which valuation was accepted by the expert Correa, on the same date, after both experts had made a careful examination of the 25-acre property from which had to be segregated the parcel of land to be conveyed to Gerónima Pizarro as her homestead right. 2. That in compliance with the usual legal requirements the experts make the following description of the par-

cel of land to be segregated and which has been assessed together with the house at $500: A piece of land situated in the ward of Río Cañas Arriba of the municipal district of Juana Díaz, containing 7 acres, equivalent to 2 hectares, 75 ares and 13 centiares. It includes a frame house with galvanized iron roof. It is bounded on the north by the remainder of the 25–acre property, on the south by the municipal road which passes through the land of Antonio Correa, on the east by land of Ramón and Cirila Pizarro and on the west by the remainder of the main property. It is agreed on and signed in duplicate in the ward of Río Cañas Arriba of Juana Díaz, this 15th of October, 1926. (Signed) Fidel Salichs and Antonio Correa.''

At this stage the plaintiff attacked the report on the following grounds:

'' (a) Because after the agreement to arbitrate had been submitted to the court, the plaintiff-appellant was not informed of its approval until the 15th of October, 1926.

'' (b) Because, owing to the above lack of information, the plaintiff-appellant never notified his referee Salichs in regard thereto for the purpose of the reference to be had with the referee appointed by the defendant-appellee.

'' (c) Because none of the appointed referees had been notified of his appointment by the court, although they had been thus notified, officiously, by the defendant-appellee.

'' (d) Because such proposed referees proceeded, in the absence and without the knowledge of the plaintiff-appellant but in the presence of the defendant-appellee and her personal representatives, to assess and select the homestead right in the present case.

'' (e) Because such proposed referees acted without notifying the plaintiff-appellant that they were going to act in their capacity as such referees.''

The defendant, on the other hand, moved the court to approve the report. The court set the 16th of November to hear the parties who appeared and introduced their evidence. The court finally rendered a decision approving the report and the plaintiff appealed therefrom to this court.

The appellant in his brief assigns four errors as follows: 1. The court erred in finding that it was a case of settlement by amicable compounders and not a reference. 2. The court

erred in finding that the plaintiff was estopped from attacking the acts of the referees. 3. The court erred in not taking into consideration the effect of the failure to notify, and of the intervention by, the plaintiff in the reference, and 4, the court erred in approving the report of the referees.

The first and second assignments are based on the following ground of the decision appealed from:

"Whereas this is not strictly a case of persons appointed as referees, but rather of amicable compounders, whose decision was agreed upon and approved by this court, and it was agreed that it would be final, the court is of the opinion that it is not permissible to the plaintiff to disclaim his own acts solemnly stipulated and approved by the district court."

However, we think that this is neither a case of a reference nor of a settlement by amicable compounders, but simply of two persons whom the parties have mutually appointed for the purpose of segregating from a certain piece of land a parcel thereof with a house existing therein and amounting together to $500.

This being the case, it is unnecessary for the appellant to argue whether or not the settlement by amicable compounders is in force in Porto Rico, and whether or not compliance had been had with the formalities required by a reference.

The parties could have settled between themselves the homestead right granted to the defendant. They preferred to commission for that purpose two persons selected by them, by an agreement which was submitted to and approved by the court. Such proceeding is quite binding at law.

The statement of the court that it was not permissible to the plaintiff to attack the agreement has not the scope given to it by the plaintiff, and must be construed with the reservations provided for such cases by the jurisprudence.

What the court meant to and did say was that the plaintiff could not retract in the sense of repudiating his own acts, but not that he could not attack the report should it have been unlawful, fraudulent or contrary to the agreement.

No fraud or deceit was alleged in attacking the report. The evidence showed that the agreement was freely entered into by the parties. The plaintiff stated that Salichs was appointed by him at the last moment and without mature deliberation, but he was indeed finally appointed. As we have stated, no fraud was either alleged or shown. There are hints in the evidence that Salichs acted favorably to the defendant and that he communicated with her attorney and not with the attorney of the party who appointed him. Certainly it would have been more proper and correct to have notified the plaintiff of every step that was being taken in the proceeding, but the agreement did not mention the procedure to be followed and the terms thereof were sufficient to enable the persons appointed for that purpose immediately to perform their task. The official notification by the functionaries of the court was not indispensable.

The evidence showed that though the persons appointed did not summon and hear the plaintiff, neither did they summon or hear the defendant. It was alleged that the only well existing on the property had been included in the land allotted to the defendant, but the evidence showed that it remained on the parcel of the plaintiff.

Indeed, it may be that the report favors the defendant, but there is nothing to show that it is either fraudulent or deceitful, or that it had been arrived at by unlawful means. Such being the case, we are of the opinion that the court acted properly in approving it and no flagrant injustice appears from an examination of the record.

The decision appealed from must be affirmed.